Rel: August 7, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

_____

## CL-2026-0014

_____

**Alabama Beverage Licensees Association; Kristi, LLC; Supreme Properties, LLC; Pinki's Fine Wine and Spirits, Inc.; Copper Line Beverages, LLC; Wagon Wheel Liquors, LLC; Feun, Inc.; GRC, LLC; Wanderers, LLC; Posey 2020, Inc.; Somnath 2, LLC; Convenience Management, Inc.; Marvic, LLC; Bootlegger Liquors, LLC; Sara Bama, LLC; Downtown Tobacco and Beverage, LLC; Downtown Entertainment, LLC; GJB, LLC; Alabama Beverage, Inc.; Home Package, LLC; Pinki's Pub, Inc.; Troy Enterprise 1, LLC; Fayette Prime, LLC; Liquor Express, Inc.; North Alabama Beverage, LLC; Jay Ambe, LLC; 2022 Liquor, LLC; Hilltop Liquor, LLC; Manojavaya, Inc.; Tiger's Pride Market, Inc.; Saai, LLC; Heet Marketing, LLC; Maruti Nandan, Inc.; Mahakayaya, LLC; Mahatapase, LLC; Aanshi Aarna, LLC; Shivam 07, LLC; and BSAC, Inc.**

v.

**Curtis E. Stewart, as administrator of the Alcoholic Beverage Control Board**

**Appeal from Montgomery Circuit Court**
**(CV-25-901333)**

EDWARDS, Judge.

In August 2025, Alabama Beverage Licensees Association; Kristi, LLC; Supreme Properties, LLC; Pinki's Fine Wine and Spirits, Inc.; Copper Line Beverages, LLC; Wagon Wheel Liquors, LLC; Feun, Inc.; GRC, LLC; Wanderers, LLC; Posey 2020, Inc.; Somnath 2, LLC; Convenience Management, Inc.; Marvic, LLC; Bootlegger Liquors, LLC; Sara Bama, LLC; Downtown Tobacco and Beverage, LLC; Downtown Entertainment, LLC; GJB, LLC; Alabama Beverage, Inc.; Home Package, LLC; Pinki's Pub, Inc.; Troy Enterprise 1, LLC; Fayette Prime, LLC; Liquor Express, Inc.; North Alabama Beverage, LLC; Jay Ambe, LLC; 2022 Liquor, LLC; Hilltop Liquor, LLC; Manojavaya, Inc.; Tiger's Pride Market, Inc.; Saai, LLC; Heet Marketing, LLC; Maruti Nandan, Inc.; Mahakayaya, LLC; Mahatapase, LLC; Aanshi Aarna, LLC; Shivam 07, LLC; and BSAC, Inc. (collectively "the plaintiffs"), filed in the Montgomery Circuit Court ("the trial court") a complaint against the Alabama Beverage Control Board ("the ABC board") and Curtis E. Stewart, in his official capacity as the administrator of the ABC board, seeking a judgment declaring that the ABC board was acting in violation of Ala. Code 1975, § 28-3-53.2, when it began imposing an approximately

2

2% convenience fee[1] for the plaintiffs' use of credit cards to make their wholesale purchases of case lots of liquor from the ABC board.[2]  After a trial, the trial court determined that the imposition of the convenience fee for the use of a credit card to make purchases from the ABC board did not violate § 28-3-53.2.  The plaintiffs appealed.

> "Our review of a declaratory judgment is ordinarily governed by the <u>ore tenus</u> standard. <u>State Farm Mut. Auto. Ins. Co. v. Brown</u>, 894 So. 2d 643 (Ala. 2004); <u>Alfa Mut. Ins. Co. v. Small</u>, 829 So. 2d 743 (Ala. 2002). However, the standard 'is not applicable where the evidence is undisputed, or where the material facts are established by the undisputed evidence.' <u>Salter v. Hamiter</u>, 887 So. 2d 230, 234 (Ala. 2004). Neither does the <u>ore tenus</u> rule apply to the trial court's legal conclusions or misapplications of the law to undisputed facts. <u>Eubanks v. Hale</u>, 752 So. 2d 1113, 1144-45 (Ala. 1999)."

---

[1]The record indicates that the exact percentage of the convenience fee was unclear.  The plaintiffs contended that the percentage was 2.022 while Stewart (<u>see</u> note 2, <u>infra</u>)the ABC board contended that it was 2.03.  The exact percentage of the convenience fee is not material to the determination of this appeal.

[2]The complaint initially named the ABC board and Stewart as defendants, but the trial court dismissed the ABC board as a defendant based on its sovereign immunity under Ala. Const. 2022, Art. I, § 14.  The complaint also incorrectly designated Stewart as the commissioner of the ABC board; however, he is the administrator of the ABC board.  <u>See</u> Ala. Code 1975, § 28-3-42(a) (providing that "the [ABC] board shall appoint an administrator … to administer the provisions of [Ala. Code 1975, § 28-3-1 et seq.]").

Barber v. Jefferson Cnty. Racing Ass'n, Inc., 960 So. 2d 599, 603 (Ala. 2006).

Relying on the principle of statutory construction requiring a court to construe a statute according to its plain language, see IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So. 2d 344, 346 (Ala. 1992) ("Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says."), the plaintiffs argue on appeal, as they did in the trial court, that § 28-3-53.2 prohibits the ABC board from imposing an additional fee for the use of a credit card for wholesale purchases of case lots of liquor from the ABC board because, they say, the statute places a cap on the amount of "mark up" that the ABC board may apply to the cost of case lots of liquor.[3] Specifically, § 28-3-53.2(c) provides that "[t]he [ABC] board shall be prohibited from increasing the mark up on wholesale case lot sales of liquor above 16.99 percent of the cost plus freight subsequent to

_____

[3]The term "mark up" is defined in § 28-3-53.2(a) as "the percentage amount added to cost plus freight on spiritous or vinous liquors sold by the [ABC] board, exclusive of taxes heretofore levied with respect thereto."

4

December 1, 2004." The plaintiffs characterize the imposition of the convenience fee as "marking up the 'mark up'" and argue that the application of the convenience fee to their credit-card purchases results in an unlawful increase in the mark up on the wholesale cost of case lots of liquor beyond the 16.99% statutory cap. Plaintiffs' brief, p. 14.

The plaintiffs further contend that the clear intent of the legislature in enacting § 28-3-53.2(c) was to limit the ability of the ABC board to increase the wholesale price of liquor.[4] They assert that Stewart's argument that adding additional "costs outside of the direct cost of liquor and freight" is permissible would allow the ABC board to skirt the limitation on the wholesale price imposed in § 28-3-53.2(c). Plaintiffs' brief, p. 22. According to the plaintiffs, allowing the ABC board to characterize the convenience fee as a cost of doing business that it is

---

[4]The plaintiffs have also posited that, "[w]hen determining the intent of a statute where an ambiguity exists, the Court may look to the sources external to the words in the statute," Plaintiffs' brief, p. 19, and have directed this court to the text of Ala. Acts 2004, Act No. 2004-266, to support their conclusion that the purpose of § 28-3-53.2(c) was to prevent the ABC board from attempting to increase the wholesale price of liquor. However, the plaintiffs have not tendered an argument that § 28-3-53.2 is ambiguous, and we find no ambiguity in the statute that would require this court to consider sources other than the language contained therein.

passing along to its "customers" would enable the ABC board to pass along other costs of doing business, like employee salaries and other costs associated with the business of the ABC board. Thus, they say, allowing the ABC board to impose the convenience fee will permit the ABC board to "thwart" the legislature's intent in limiting the mark up on the wholesale cost of liquor and to increase the wholesale cost of liquor well over the 16.99% cap, in violation of § 28-3-53.2(c).

Stewart argues that the convenience fee is not a mark up of the wholesale cost of liquor but is instead imposed only on those purchasers who use a credit card to pay for their purchases from the ABC board. According to Stewart, the convenience fee is a fee charged by the credit-card companies to the ABC board for the privilege of using a credit card to complete a sale, and, he asserts, the ABC board is passing that convenience fee along to the purchaser itself. Stewart points out that Ala. Code 1975, § 41-1-60(e), authorizes a "board … accept[ing] ... credit card payments [to] impose a surcharge or convenience fee upon the person making payment by credit card to wholly or partially offset, but not to exceed the amount of any discount or administrative fees charged to state government." Stewart explains that those purchasers who pay

6

for their purchases with the electronic-payment system utilized by the ABC board, with a check, or with cash are not charged the convenience fee. Thus, Stewart reasons, the imposition of the convenience fee is not a mark up of the wholesale cost of case lots of liquor but, instead, is a "separate, optional, transaction-specific" payment-processing charge that the plaintiffs could avoid by changing their method of payment. Stewart's brief, p. 11.

In its judgment, the trial court concluded that the convenience fee was not a part of the wholesale cost of a case lot of liquor and was instead the cost for the privilege of using a credit card to purchase the liquor. The trial court noted that the convenience fee was not imposed on every purchase of a case lot of liquor but was imposed only on those transactions in which credit cards were used to pay for the purchase. In other words, the trial court rejected the plaintiffs' contention that the imposition of the convenience fee should be considered an additional mark up on the wholesale cost of a case lot of liquor. We agree.

The wholesale cost of a case lot of liquor is not changed by the imposition of the convenience fee solely on customers that choose to pay by using a credit card. Therefore, the imposition of a convenience fee on

7

wholesale purchases of case lots of liquor that are made by credit card is not a "mark up" of the wholesale cost of a case lot of liquor sold by the ABC board and does not run afoul of the prohibition in § 28-3-53.2(c). Furthermore, the imposition of the convenience fee on those who purchase liquor from the ABC board with a credit card is authorized by § 41-1-60(e). Accordingly, we affirm the judgment of the trial court.

AFFIRMED.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.